UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00265

**Jay Williams,**
*Plaintiff,*

v.

**Department of Justice,**
*Defendant.*

# ORDER

Plaintiff Jay Williams, a prisoner proceeding pro se, filed this lawsuit complaining of alleged deprivations of his constitutional rights. The case was referred to United States Magistrate Judge John D. Love. Doc. 4.

Plaintiff has filed almost 50 frivolous lawsuits in the Eastern District of Texas. Further, Williams is subject to sanctions that require any new lawsuits he files to be signed by an attorney licensed to practice in the Eastern District of Texas with the full filing fee paid at the outset of the case. *Williams v. United States Court*, No. 6:23-cv-00355, Doc. 7 at 2–3 (E.D. Tex. Sept. 12, 2023). He filed the present case in the Western District of Pennsylvania in an apparent attempt to evade these sanctions.

The magistrate judge issued a report recommending that the lawsuit be dismissed with prejudice as barred by sanctions and sovereign immunity. Doc. 5. Plaintiff did not file objections to the report. Plaintiff wrote a letter asking for discovery and complaining about an unspecified breach of attorney-client privilege. Doc. 6. But this letter fails to address the magistrate judge's report and recommendation and cannot be construed as objections to the report.

When there have been no timely objections to a magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's

report, and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Plaintiff's lawsuit is dismissed without prejudice as barred by sanctions and sovereign immunity.[1] Any pending motions are denied as moot.

    Plaintiff Jay Williams is warned that further attempts to evade the court's sanctions could result in the imposition of additional sanctions, monetary or otherwise, under Federal Rule of Civil Procedure 11 and the inherent powers of the court. *See Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991).

*So ordered by the court on March 10, 2025.*

J. CAMPBELL BARKER
United States District Judge

---

[1] The magistrate judge's report recommended that the case be "dismissed *with* prejudice as barred by sanctions and sovereign immunity," but it also noted that "[p]laintiff may refile such civil actions as he believes appropriate by doing so through a licensed attorney . . . and upon payment of the full filing fee." Doc. 5 at 3 (emphasis added). Sovereign-immunity dismissals are jurisdictional and without prejudice. *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996). Also, given that the magistrate judge expressed an intent in allowing plaintiff to refile his case (while complying with the conditions of his sanctions), the court finds that dismissal without prejudice is appropriate here.